acm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  03-40001-0001-JAR |
| | ) | 05-3084-JAR |
| GUILLERMO PONCE DE LEON, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/Petitioner Guillermo Ponce De Leon filed a Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence.  (Doc. 61.)  Petitioner maintains that his counsel was

ineffective in failing to object to an additional criminal history point attributed to him in the  Presentence

Investigation Report (PSR).  The government did not respond to petitioner's motion.  Petitioner has

also filed a Motion for Leave to Proceed in forma pauperis (Doc. 63) and a Motion for Order (Doc.

64) requesting the production of the transcript from his July 15, 2003 sentencing hearing and a copy of

the docket sheet.

### I.  Procedural Background

On April 14, 2003, petitioner pleaded guilty to a one count Indictment charging him with

possession with the intention to distribute approximately four kilograms of a mixture or substance

containing a detectable amount of cocaine.  Petitioner signed a plea agreement that states that he

understood he faced a mandatory minimum sentence of five years for the offense of conviction.  It

states further that he understood "that the sentence to be imposed will be determined solely by the

United States District Judge.  The United States cannot and has not made any promise or

representation as to what sentence the defendant will receive."  The plea agreement includes a waiver

of appeal and collateral attack.  It states that petitioner "waives any right to challenge his sentence or

the manner in which it was determined in any collateral attack, including, but not limited to, a motion

brought under Title 28, U.S.C. § 2255, except to the extent that such a § 2255 claim is deemed

unwaivable under the holding of *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir.

2001)."  Attached to the plea agreement is a Petition to Enter Plea, signed by the petitioner, which

attests that the plea was made freely and voluntarily and that petitioner understood the maximum

sentence that may be imposed based on his plea.

At the plea hearing, petitioner stated on the record that he did not receive any "promises or

assurances" that would have induced him into signing the plea agreement, other than what was

contained in the agreement itself.  He assured the Court that the decision to plead guilty was made

voluntarily of his own free will.  In addition, the Court explained to petitioner that the plea agreement is

not binding on the Court and discussed with petitioner how the federal sentencing process works.  The

Court *twice* explained to petitioner that for sentencing purposes, the Court may consider criminal

history.  Petitioner twice stated on the record that he understood.  Petitioner also stated on the record

that he understood that the plea agreement included a waiver of appeal from the sentence unless the

Court departs upward from the Guideline sentencing range.

Petitioner's sentencing hearing was held on July 15, 2003.  In the PSR, petitioner was given

two points for his criminal history.  One of these points was attributed to a 1999 conviction for driving

under the influence of alcohol in Phoenix, Arizona.  Petitioner pleaded guilty to that offense, and he was

sentenced to 10 days in jail along with payment of fines and court fees.  Neither the government nor the

defendant/petitioner made any written or oral objection to the criminal history calculation in the PSR.

Under the Guidelines, the applicable sentencing range was 78-97 months.  The Court

sentenced petitioner to 78 months of imprisonment.  Petitioner now asks the Court to vacate this

sentence, arguing that his counsel was ineffective in failing to object to the one-point criminal history

enhancement for his driving under the influence of alcohol conviction.

## II.  Analysis

Under 28 U.S.C. § 2255, the Court is required to conduct an evidentiary hearing "[u]nless the

motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[1]

The Court determines that the motion and files of this case are conclusive in showing that this petitioner

is not entitled to relief on the ground asserted in his motion.

Petitioner argues that his counsel was ineffective for failing to object to an additional criminal

history point given to petitioner in the PSR.[2]  In order to succeed on a claim of ineffective assistance of

counsel, petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[3]  Under that

test, petitioner must first show that counsel's performance was deficient because it "fell below an

---

[1]*United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943 (2001) (internal quotation and citation omitted).

[2]Petitioner's claim concerns counsel Andrew S. Talge, who entered an appearance in the criminal proceeding on February 21, 2003.  (Doc. 28.)

[3]466 U.S. 668 (1984).

objective standard of reasonableness."[4]   Second, he must show that counsel's deficient performance

actually prejudiced his defense.  "In the context of a guilty plea, the prejudice prong requires a

defendant to show that 'but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial.'"[5]

### 1.  Waiver of Appeal and Collateral Attack

Petitioner's plea agreement contains a waiver of appeal and collateral attack clause.  The Court

must first determine if petitioner waived his right to collateral relief under his plea agreement.  Such

waivers are enforceable when they are explicitly stated in the plea agreement, and when the plea and

waiver are both made knowingly and voluntarily.[6]   Here, the waiver is explicitly stated in the written

plea agreement and petitioner stated on the record that he understood that the plea agreement included

this waiver.  Petitioner does not challenge the voluntariness of the plea.

In order to survive the waiver, (1) there must be a basis for a claim of ineffective assistance of

counsel, and (2) the ineffectiveness claim must pertain to the validity of the plea.[7]   "Collateral attacks

based on ineffective assistance of counsel claims that are characterized as falling outside this category

are waivable."[8]   Ineffective assistance claims challenging sentencing are waivable.[9]   Here, petitioner only

---

[4]*Id.* at 688.

[5]*United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59
(1985)).

[6]*United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

[7]*Id.* at 1187.

[8]*Id.*

[9]*United States v. Miller*, 20 Fed. Appx. 800, 801-02 (10th Cir. 2001).

challenges the sentencing; he does not attack the validity of the plea or the waiver. Because petitioner's claim does not relate to the validity of the plea or the waiver, the Court finds that petitioner waived the right to bring a § 2255 challenge when he knowingly and voluntarily entered the plea and made the waiver.[10]

### 2.  Counsel's Performance

Additionally, petitioner fails to survive the waiver under *Cockerham* because there is no basis for his ineffective assistance of counsel claim. Even if petitioner had not waived his right to collateral relief, the Court would deny petitioner's claim under the two-part standard set forth in *Strickland*. Petitioner argues that his counsel's performance was deficient under *Strickland* because counsel failed to object to a criminal history point given to petitioner for a driving under the influence of alcohol conviction. Under the United States Sentencing Guidelines of 2003, which were used to sentence petitioner, one point is added to the criminal history score for each prior sentence.[11] A prior sentence is defined as any sentence previously imposed upon adjudication of guilt.[12] However, a sentence in which a term of imprisonment is less than thirty days is excluded from the calculation.[13] Petitioner argues that because he was only imprisoned for ten days, his driving under the influence conviction should have

---

[10]*See Cockerham*, 237 F.3d at 1188 (holding that defendant waived the right to bring § 2255 claim for ineffective assistance at sentencing in failing to put government to its burden of proof of showing identity of drug because it did not relate to either validity of plea or to defendant's agreement to waive his right to direct appeal and collateral attack); *see also United States v. Thomas*, 49 Fed. Appx. 781, 784 (10th Cir. 2002) (holding that defendant waived the right to bring § 2255 claim for ineffective assistance arguing that "counsel allowed the prosecution to use prior convictions to enhance the movant's sentence." The court stated that defendant relinquished the right to prevent the use of prior convictions by agreeing to the waiver, and that counsel's failure to prevent their use "in no way indicates that he was ineffective in advising [defendant] regarding the proposed waiver.").

[11]U.S.S.G. § 4A1.1(c).

[12]§ 4A1.2(a)(1).

[13]§ 4A1.2(c)(1).

been excluded from the calculation. However, the length of petitioner's imprisonment is irrelevant. "Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted. Such offenses are not minor traffic infractions within the meaning of § 4A1.2(c)."[14] Therefore, the PSR correctly included a criminal history point for petitioner's driving under the influence conviction. Counsel could make no valid objection to the additional criminal history point; therefore, counsel's performance was clearly not deficient under the first prong of the *Strickland* test. Petitioner's claims of ineffective assistance would be rejected by this Court whether or not he waived his right to collaterally attack the sentence. Because the Court denies petitioner's motion, his requests to proceed in forma pauperis and for production of transcripts are moot.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 61) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 63) and Motion for Order (Doc. 64) for production of the transcript are **DENIED** as moot.

IT IS SO ORDERED.

Dated this 1st day of November 2005.

_S/ Julie A. Robinson_

---

[14] § 4A1.2 (cmt. 5).

**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**